UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NEIL ROBERSON,

                Petitioner,

     v.

SCOTT SPEER,

                Respondent.

Case No. C24-1993-RAJ-MLP

REPORT AND RECOMMENDATION

Petitioner Neil Roberson is a Washington state prisoner who is currently confined at the Stafford Creek Corrections Center pursuant to a judgment and sentence entered in Skagit County Superior Court case number 18-1-00907-29. (*See* dkt. # 1-1.) Petitioner has presented to the Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging that judgment. (*Id*.) Petitioner appears to assert that his current custody is unlawful because evidence used to support the charges brought against him was obtained in violation of his Fourth Amendment rights. (*See id*. at 3; dkt. # 1-3) Petitioner claims that Skagit County authorities failed to secure authorization to search his person, house, and papers, and he suggests that the absence of valid search warrants undermines the validity of his convictions. (*See* dkt. # 1-3.)

REPORT AND RECOMMENDATION - 1

Petitioner does not, however, identify the nature of the evidence he believes was unlawfully obtained.

A review of this Court's records reveals that the instant petition is one of seven federal habeas petitions Petitioner has filed in this Court since February 2024, each one challenging the same Skagit County judgment and sentence. *See Roberson v. Bennett*, C24-241-JCC; *Roberson v. Verge*, C24-1130-JCC; *Roberson v. Bennett*, C24-1198-TL; *Roberson v. Speer*, C24-1992-RAJ-MLP; *Roberson v. Speer*, C24-1993-RAJ-MLP; *Roberson v. Speer*, C24-2030-RAJ-MLP; *Roberson v. Speer*, C24-2102-KKE. All but one of these petitions, C24-2030-RAJ-MLP, were filed under 28 U.S.C. § 2241, despite the fact that challenges to state court judgments are required to be brought under 28 U.S.C. § 2254. *See White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004) ("28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]").[1]

Three of the seven petitions have been dismissed based on Petitioner's failure to exhaust his state court remedies. *See* C24-241-JCC, dkt. ## 5, 7; C24-1130-JCC, dkt. ## 9, 12; C24-1198-TL, dkt. ## 8-9. A Report and Recommendation was recently issued in a fourth case recommending dismissal of the petition filed therein, again based on Petitioner's failure to exhaust his state court remedies. *See* C24-2102-KKE, dkt. # 7. The three remaining petitions are currently pending review by this Court. As indicated above, two of the pending petitions, including the instant petition and that filed in case C24-1992-RAJ-MLP, were filed under § 2241, while the remaining petition, that filed in case C24-2030-RAJ-MLP, was appropriately filed under § 2254.

---

[1] Petitioner has been advised on multiple occasions that challenges to a state court judgment must be brought under § 2254. *See* C24-241-JCC, dkt. # 4 at 2; C24-1130-JCC, dkt. # 8 at 2; C24-1198-TL, dkt. # 2 at 2.

REPORT AND RECOMMENDATION - 2

The Court observes generally that Petitioner's recent litigation activities border on abusive. Petitioner has been repeatedly told that his challenges to his state court judgment must be brought under § 2254, and that his claims must be properly exhausted in the state courts. Despite these advisements, Petitioner has peppered the Court with petitions filed under the wrong statute and without demonstrating that he has made any effort to properly exhaust his claims in the state courts. Petitioner's litigation strategy does not reflect a genuine interest in obtaining relief from his Skagit County judgment and sentence, but suggests instead a desire to monopolize limited Court and Department of Corrections resources and to disrupt the ordinary processes through which incarcerated individuals are entitled to pursue relief from unconstitutional convictions and/or unconstitutional conditions of confinement.

With specific reference to the petition filed in this case, the Court observes that it was not only filed under the wrong statute, it also lacks sufficient clarity for the Court to accurately assess whether Petitioner has properly exhausted the claim asserted therein.[2] Absent some clear showing that Petitioner exhausted his claim in the state courts, the claim cannot be deemed eligible for federal habeas review.

In addition, even assuming Petitioner could demonstrate that his Fourth Amendment claim has been properly exhausted in the state courts, it appears unlikely the claim is cognizable in this federal habeas action. In *Stone v. Powell*, 428 U.S. 465 (1976), the United States Supreme

---

[2] In order to obtain relief under § 2254, a petitioner must demonstrate that his claims for federal habeas relief have been properly exhausted in the state courts. 28 U.S.C. § 2254(b)-(c). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

REPORT AND RECOMMENDATION - 3

Court held that federal habeas review of a Fourth Amendment claim is barred unless the petitioner can show that he was "denied an opportunity for full and fair litigation of that claim at trial and on direct review." *Id*. at 494 n.37. The Court reasoned that because Fourth Amendment claims turn on police misconduct and not on actual guilt or innocence, they have "no bearing on the basic justice of [one's] incarceration." *Id*. at 491-92 n.31.

The Ninth Circuit has made clear that when considering the cognizability of a Fourth Amendment claim on federal habeas review, "[t]he relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). Nothing in the record suggests that Petitioner was denied the opportunity to litigate his Fourth Amendment claim in the state courts. It thus appears that Petitioner's claim, even if properly exhausted, would be barred by *Stone v. Powell*.

Finally, the Court observes that it is not permissible for Petitioner to maintain multiple habeas actions challenging the same judgment and sentence and, thus, any viable claims for federal habeas relief must be asserted in a single action. Because Petitioner's challenge to his state court judgment and sentence must proceed under § 2254, and because Petitioner recently filed a petition under that statute which remains pending at this time, Petitioner should be required to file all of his claims for federal habeas relief in that action, and the instant action should be dismissed.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A

REPORT AND RECOMMENDATION - 4

petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter.

Based on the foregoing, this Court recommends that Petitioner's federal habeas petition (dkt. # 1-1) be DISMISSED without prejudice to Petitioner asserting any properly exhausted claims in his pending federal habeas action filed under § 2254, *i.e.*, C24-2030-RAJ-MLP. The Court further recommends that a certificate of appealability be denied. Finally, the Court recommends that Petitioner's application to proceed *in forma pauperis* (dkt. # 1), and all motions filed with the petition (dkt. ## 1-7 to 1-8), be DENIED as moot. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** after they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 27, 2025**.

DATED this 6th day of January, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5